```
            IN THE UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

RECELL REDMOND                                              PLAINTIFF

VS.                                 CAUSE NO. 3:16-CV-361(DCB)(MTP)

YAZOO COUNTY, MISSISSIPPI;
SHERIFF JAKE SHERIFF, in his official
capacity; SIMON STUBBLEFIELD, Individually
and in his official capacity; TERRY GANN,
Individually and in his official capacity;
BRIAN WHITE; BENTONIA VOLUNTEER FIRE DEPARTMENT;
and JOHN DOES 1-10                                          DEFENDANTS


                   MEMORANDUM OPINION AND ORDER

     This cause is before the Court on defendant Brian White's Motion to Dismiss Claims of Negligence and Gross Negligence and/or in the Alternative for Partial Summary Judgment **(docket entry 15)**. Having carefully considered the motion, the plaintiff Recell Redmond's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

     This case was originally filed in the Circuit Court of Yazoo County, Mississippi, and was timely removed to this Court pursuant to 28 U.S.C. § 1441, et seq., on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  Specifically, plaintiff Redmond (a Sergeant with the University of Mississippi Police Department), alleges in his Complaint that he was falsely arrested by defendants Simon Stubblefield, Terry Gann (both employees of the Yazoo County Sheriff's Department) and Brian White (an employee of the Bentonia,

Mississippi, Volunteer Fire Department), and that they used excessive force during the arrest in violation of the plaintiff's Fourth and Fourteenth Amendment rights.

The Complaint alleges that Redmond, a resident of Yazoo City, Mississippi, was traveling southbound on U.S. Highway 49 on December 14, 2014 to work in Jackson, Mississippi. Redmond alleges that he noticed a vehicle in the median that appeared to be on fire. He alleges that he assisted in extinguishing the fire, and confirmed there were no injuries to the person operating the vehicle. He further alleges that he left the scene of the incident before emergency personnel arrived on the scene.

The plaintiff also alleges that after leaving the scene of the incident, he observed a police car and a white truck pass him at a high rate of speed on Highway 49 south. He further alleges that these vehicles pulled over in the median ahead of him on Highway 49, and that as he proceeded on his route he was pulled over by two Yazoo County Sheriff's Department deputies (Stubblefield and Gann), and a Bentonia Volunteer Fireman (White), who rushed his car with guns drawn and pointed at him. He alleges that defendant White was near the rear of the truck. Redmond alleges that Stubblefield told him to step out of the vehicle on suspicion of leaving the scene of an accident, and that Stubblefield placed him in handcuffs. He further alleges that White pushed him against the truck during the process of placing Redmond in the back of a Sheriff's Department

patrol car. He alleges that after an investigation into the matter he was released.

White files the present Motion to Dismiss State Law Claims of Negligence and Gross Negligence and/or in the Alternative for Partial Summary Judgment, based on Redmond's alleged failure to comply with the Mississippi Tort Claims Act and its applicable statute of limitations. Defendant White also claims immunities under the Mississippi Tort Claims Act ("MTCA") and all defenses afforded to him thereunder, Miss. Code Ann. §11-46-1 et seq., including the one-year statute of limitations to bring such actions and the notice of claims provisions required by Miss. Code Ann. §11-46-11. White moves to dismiss the claims of negligence and gross negligence, which as pled by the plaintiff amount to claims of assault, slander, libel, false arrest and malicious arrest pursuant to Miss. Code Ann. §15-1-35 and its one-year statute of limitations.

The incident which resulted in the present lawsuit occurred on December 14, 2014. The plaintiff's Complaint was filed in state court on April 4, 2016. White alleges that Redmond never submitted a tort claim letter to the Fire Chief of the Bentonia Volunteer Fire Department, nor to White.

By passing the Mississippi Tort Claims Act, the Mississippi Legislature waived sovereign "immunity of the state and its political subdivisions from claims for money damages arising out of

3

torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment ...." Miss. Code Ann. § 11-46-5(1). The Act provides the exclusive remedy against a governmental entity or its employee. Miss. Code Ann. § 11-46-7(1). In addition, "[a]ny claim filed against a governmental entity and its employees (for monetary relief) must be brought under [the] statutory scheme" of the Act. Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234-36 (Miss. 1999). Therefore, the plaintiff's claims alleging tortious conduct by White within the course and scope of his employment, and seeking monetary relief, must be brought under the Act, while any claims against White in his individual capacity are not subject to the Act.

Notice of claim must be given ninety (90) days prior to maintaining an action. Black v. City of Tupelo, 853 So.2d 1221, 1226 (Miss. 2003). This requirement is mandatory and must be satisfied prior to the institution of a tort lawsuit against a governmental entity or one of its employees acting within the course and scope of his employment. Id. The Mississippi Supreme Court has adopted a "substantial compliance" standard to determine whether the notice of claim requirements have been met. Id. However, the plaintiff has not alleged nor offered any proof that he provided a notice of claim letter to the Fire Chief of the Bentonia Volunteer Fire Department or to White.

On August 2, 2016, the Bentonia Volunteer Fire Department filed a Motion for Summary Judgment, alleging that it is a "political subdivision" under the Mississippi Tort Claims Act, and that Brian White was at all times pertinent to this suit acting in the course and scope of his employment.  The Fire Department moved for summary judgment based on the plaintiff's failure to serve a notice of claim letter pursuant to Miss. Code Ann. § 11-46-11; and, in addition, based on the plaintiff's failure to file suit within the one-year statute of limitations.  The plaintiff and the Fire Department entered into an Agreed Order on September 6, 2016, granting the Fire Department's motion for summary judgment and dismissing the Fire Department with prejudice.  Therefore, all state law claims against White in his official capacity are barred by the Mississippi Tort Claims Act.  See Woods v. Carroll County, Miss., 2008 WL 4191738, *3 (N.D. Miss. Sept. 9, 2008).

As for the state law claims against White in his individual capacity, these are governed by the one-year statute of limitations under Miss. Code Ann. § 15-1-35.  See City of Mound Bayou v. Johnson, 562 So.2d 1212-18 (Miss. 1990).  The incident giving rise to the plaintiff's claims occurred on December 14, 2014.  The plaintiff's Complaint was filed with the Circuit Clerk of Yazoo County on April 4, 2016, long after the limitation period had run.  The state law claims against White in his individual capacity are thus barred.  See id. ("state law torts of assault and battery and

5

excessive use of force accrue on the date of the subject incident"); Parker v. Miss. Game & Fish Comm'n, 555 So.2d 725, 727 (Miss. 1989)("actions for state law torts of false arrest and false imprisonment accrue at the time of arrest").

The Court therefore finds that defendant Brian White's Motion to Dismiss Claims of Negligence and Gross Negligence and/or in the Alternative for Partial Summary Judgment is well taken, and said claims shall be dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that defendant Brian White's Motion to Dismiss Claims of Negligence and Gross Negligence and/or in the Alternative for Partial Summary Judgment **(docket entry 15)** is GRANTED, and said claims are hereby dismissed with prejudice.

SO ORDERED, this the 21st day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE