**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RECELL REDMOND**                                                                                    **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:16-cv-361-DCB-MTP**

**YAZOO COUNTY, MISSISSIPPI, ET AL.**                                                 **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Defendants' Motion to Strike Plaintiff's Designation of Experts [42]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [42] should be denied.

Plaintiff's expert designation deadline ran on December 1, 2016, and the discovery deadline is March 1, 2017. *See* Case Management Order [18].[1] On November 30, 2016, Plaintiff designated Duane Odomes as an expert. *See* Notice [33]. On January 27, 2017, Defendants filed the instant Motion [42], requesting that the Court strike this expert designation. Defendants argue that Plaintiff failed to include with the designation (1) any exhibits that will be used to summarize or support them; (2) the witness's qualifications, including a list of all publications authored in the previous ten years; (3) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; or (4) a statement of the compensation to be paid for the study and testimony in the case.

On February 7, 2017, Plaintiff filed a Response [47], explaining that he recently learned that his expert's résumé was not attached to the report he provided Defendants. That same day, Plaintiff provided a supplemental disclosure to Defendants, which included the expert's résumé.

---

[1] On February 16, 2017, the Court extended the discovery deadline to March 3, 2017, for the sole purpose of allowing the parties to take certain depositions. *See* Order [51].

The disclosure also appears to include the fees charged by the expert and mentions a case in which the expert testified. *See* Notice [46]. According to Plaintiff, his failure to provide this information earlier was inadvertent.

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Although Plaintiff did not provide all of the information necessary to comply with Fed. R. Civ. P. 26(a) by the expert designation deadline, Defendants have not pointed to any specific prejudice they have suffered or will suffer.  Plaintiff provided a supplemental disclosure to Defendants on February 7, 2017.  Defendants have not filed a rebuttal or otherwise pointed to any deficiencies with the supplemented disclosures.

The most critical portion of an expert's report is the statement of the expert's opinion and the basis for the opinion, and Defendants do not object to the completeness of the expert's opinion, which was provided prior to the designation deadline.  The Court also notes that a continuance is not necessary to cure any prejudice Defendants could suffer, as the pre-trial conference is approximately five months away.  Furthermore, the factor of importance weighs in

3

favor of Plaintiff.  Thus, the balance of the factors favors not striking Plaintiff's expert designation.

    IT IS, THEREFORE, ORDERED that Defendants' Motion to Strike Plaintiff's Designation of Experts [42] is DENIED.

    SO ORDERED this the 23rd day of February, 2017.

                                        s/Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE